UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-279-KSF

WILLIE MEADS                                                         PLAINTIFF

v.                             **OPINION & ORDER**

TRANSIT AUTHORITY OF
LEXINGTON-FAYETTE
URBAN COUNTY GOVERNMENT                             DEFENDANTS

* * * * * * * * * *

This matter is before the Court upon the motion of defendant, the Transit Authority of Lexington-Fayette County Government ("LexTran"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This matter is fully briefed and ripe for review. For the reasons set forth below, the defendant's motion for summary judgment will be granted. The *pro se* plaintiff, Willie Meads, also filed various motions that are addressed below.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Meads worked as a bus driver for LexTran from July 2006 through August 2007. Meads is African-American. LexTran terminated Meads on August 15, 2007, the day after the bus he was driving was involved in an accident. LexTran contends that Meads struck a fencepost with the bus on August 14, 2007; however, Meads denies having an accident. Mary Taylor, who was driving behind the bus, reported to the police that the bus struck a fencepost. Officer Jeff Jacobs received the call from dispatch and investigated the report. Meads was called back to the scene but denied any knowledge of an accident. Officer Jacobs observed wood fragments embedded in a chrome

1

guard above a turn signal on the bus that was approximately the same height as the fencepost. He was also told about the onboard camera. The onboard camera shows Meads attempting to stop the bus and the occupants being rocked from side-to-side. A passenger asked Meads if the bus had hit one of the other vehicles and Meads pointed to the fence and said, "I think we might have hit that." A passenger deboarded the bus and looked at it momentarily. Based on this evidence, Officer Jacobs cited Meads for leaving the scene of an accident. After the police investigation, LexTran supervisor Danny Crawford transported Meads to a clinic for drug testing. In November 2007, after a bench trial, Judge David F. Hayse of the Fayette District Court found that Meads had struck and damaged a fence post and found him guilty of failing to report an accident. During his tenure at LexTran, Meads was drug tested three times; once in connection with the accident at issue in this case, once in connection with another accident and once prior to his employment. All of the tests were in accordance with the LexTran Alcohol and Drug Program Policy.

Meads filed this lawsuit claiming race discrimination, hostile work environment and conspiracy. LexTran's motion pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, seeks summary judgment on all of Meads' claims

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

## III. ANALYSIS

### A. Race Discrimination

Meads claims that LexTran illegally terminated his employment, assigned jobs and ordered drug testing based on his race. LexTran argues that Meads cannot establish a prima facie case of race discrimination based on any of these actions. Alternatively, LexTran argues that even if Meads can establish a prima facie case of discrimination, it had legitimate, non-discriminatory reasons for its actions that are not pretextual. The Court finds that Meads has not created a question of fact as to whether race played a role in his termination or any other adverse employment decision and will

dismiss his race discrimination claim.

Under the *McDonnell-Douglas* burden shifting approach, if Meads establishes a prima facie case of discrimination, the burden shifts to LexTran to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action. If LexTran is able to do so, the burden shifts back to Meads to show that the proffered reason was merely pretext for discrimination. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of discrimination, Meads must show that he: (1) is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment decision; and (4) was treated differently than a similarly situated non-protected employee. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001).

Assuming without deciding that Meads can establish a prima facie case of racial discrimination based on his termination, his claim fails because he has not presented any evidence that LexTran's legitimate reason for his termination was merely pretext for discrimination. LexTran contends that Meads was fired for violating a company policy because he failed to report an accident. Meads denies being involved in an accident and claims that this stated reason is pretextual. LexTran argues that the doctrine of collateral estoppel bars Meads from relitigating whether his bus was in an accident.

Under 28 U.S.C. § 1738, federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. Pursuant to Kentucky law, a plaintiff is precluded from relitigating disputed issues of fact when the Kentucky state court system has already ruled on these issues. *Macy v. Hopkins County Sch. Bd. Of Educ.*, 484 F.3d 357, 367-68 (6thCir. 2007). The essential elements of collateral estoppel are: (1) identity of issues; (2) a final decision or judgment on the merits; (3) a necessary issue with the estopped party giving a full and fair

4

opportunity to litigate; and (4) a prior losing litigant. *Sedley v. City of Wet Buechel, Ky.*, 461 S.W.2d 556, 559 (Ky. 1970).

All of the collateral estoppel elements are met in this case. The issue of whether Meads struck a fencepost was litigated in the state court criminal case and a final decision was issued on the merits. Meads argues that collateral estoppel should not apply because the witnesses that he intended to call during his criminal trial did not appear to testify, however, the witnesses' failure to appear is irrelevant to whether collateral estoppel applies in this case. It was Meads' responsibility to insure the attendance of his witnesses during the criminal trial. Meads had a full and fair opportunity to litigate the issue of whether he struck a fencepost. As a result, Meads is precluded from relitigating whether his bus struck a fencepost on August 14, 2007. There is no dispute that Meads failed to report the accident. Failing to report an accident violates LexTran's policies and is a terminable offense. Since LexTran has presented a legitimate, non-discriminatory reason for firing Meads and Meads has failed to show that this reason is pretext for discrimination, his claim for race discrimination based on termination fails.

Meads' race discrimination claim based on job assignments and drug testing also fail. LexTran presented evidence that job assignments are made based on seniority. Meads has not presented evidence that he was treated any differently than any other similarly-situated employees with regard to the assignment procedures thereby failing to establish a prima facie case of discrimination. Even if Meads could establish a prima facie case of discrimination based on job assignments, making those assignments on the basis of seniority is a legitimate, non-discriminatory reason, and Meads has not presented any evidence that this reason is pretext for discrimination. With regard to the drug testing, LexTran has presented evidence that the tests were performed pursuant

5

to federal law and an established drug policy. Thus, the drug testing does not constitute an "adverse employment decision" and Meads fails to establish a prima facie case of discrimination.

### B.     Hostile Work Environment

LexTran argues that Meads' hostile work environment claim fails because he was not subject to "severe or pervasive" racial harassment and never reported any such harassment to LexTran. To establish a claim of hostile work environment, a plaintiff must present evidence of harassment that "unreasonably interfer[es] with [his] work performance and creat[es] an objectively intimidating, hostile, or offensive work environment." *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008). Meads' hostile work environment claim centers on how job assignments were made. Since routes are assigned pursuant to a legitimate, non-discriminatory reason, *i.e.*, seniority, job assignments cannot be the basis of an actionable harassment claim. There is absolutely no evidence in the record to support a claim that the job assignments were divided based on race, and Meads has not alleged sufficient racial harassment to create a hostile work environment based on any other grounds. Accordingly, Meads' claim for hostile work environment must be dismissed.

### C.     Conspiracy

LexTran argues that Meads' civil conspiracy claim is without merit because the misdemeanor conviction conclusively establishes that Meads was not wrongfully charged with a policy violation. Additionally, LexTran argues that there is no support for Meads' claim that LexTran and the Union conspired to oust former Union president Burnett and all of his "backers and supporters," including Meads. There is simply no evidence in the record to support Meads' bald allegations. Thus, Meads' conspiracy claim must be dismissed.

### D. Plaintiff's Motions

In connection with his Response to LexTran's Motion for Summary Judgment, Meads filed a Motion to Put Real Records Into Court and a Motion to Hold Employees and Counsel in Contempt. He also requested an evidentiary hearing. These motions are without merit and will be denied. The issues raised in these motions appear to be, at least partially, related to Meads' misunderstanding of the procedures in litigation. There is no evidence that LexTran's employees or counsel acted inappropriately or that the documents provided as support for LexTran's Motion for Summary Judgment are false or inaccurate.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's Motion to Put Real Records Into Court [DE 32] is **DENIED**;

(2) the plaintiff's Motion to Hold Employees and Counsel in Contempt and For a Hearing [DE 33] is **DENIED**;

(3) the defendant's Motion for Summary Judgment [DE 29] is **GRANTED**;

(4) the plaintiff's complaint is **DISMISSED WITH PREJUDICE**;

(5) a judgment consistent with this Opinion & Order will be entered contemporaneously herewith;

(6) the pretrial conference on September 23, 2010, and the trial on October 26, 2010, are **SET ASIDE**.

This August 10, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**